# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEKALB MEDICAL CENTER, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SPECIALTIES & PAPER PRODUCTS UNION NO. 527 HEALTH AND WELFARE FUND and JAMES LASTINGER, <br><br> Defendants. | Civil Action No.: <br><br> 1:13-cv-00343-RLV |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SPECIALTIES & PAPER PRODUCTS UNION NO. 527 HEALTH AND WELFARE FUND'S MOTION FOR PROTECTIVE ORDER

NOW COMES Plaintiff DeKalb Medical Center, Inc. ("DMC") by and through counsel, and respectfully objects and responds to Defendant Specialties & Paper Products Union No. 527 Health and Welfare Fund's ("Defendant" or the "Welfare Fund") Motion for Protective Order and Incorporated Memorandum of Law, Docket Index ("D.I") 31, (the "Motion") as follows:

## ARGUMENT

Plaintiff respectfully opposes Defendant's Motion, and requests that it be denied.

The parties have completed their exchange of written discovery. Plaintiff gave Defendant Welfare Fund advance notice of the Rule 30(b)(6) topics on which Plaintiff intended to depose Defendant, and the deposition was scheduled for October 30 by agreement of counsel. There was no formal objection by Defendant Welfare Fund to any of the proposed topics. Notice of the deposition was served on October 1, 2013, and no objection presented.

Less than a week before the deposition, counsel for Defendant filed a motion to withdraw as counsel, which motion included Defendant's certification that it was aware of the scheduled proceedings (which included the deposition), and that the substitution of counsel would not impact any deadlines or proceedings in the case. (*See* D.I. 30 at p. 2 ("the dates of any scheduled proceedings will not be affected by the withdrawal of counsel..."); *see also* D.I. 30-1.) Less than two days before the deposition, and with little more than one week remaining in the already once-extended discovery period, Defendant filed its Motion seeking a protective order to prohibit Plaintiff from taking Defendant's deposition on the ground that such discovery is not permitted under the Employee Retirement Income Security Act of 1974 ("ERISA"). DMC respectfully submits that the Motion is without merit and should be denied for the reasons set forth below.

### A. The Deposition Of Defendant Is Not Prohibited By The ERISA "Standard of Review"

Defendant argues, Motion at p. 6, that a deferential standard of review is applicable in this case because DMC's Complaint lacks the words "arbitrary and capricious," and accordingly the scope of permissible discovery is limited to "only evidence that was before the plan administrator" at the time the claim at issue was denied, *i.e.*, "the administrative record." (Motion at p. 6, citing *Wells v. Unum Life Ins. Co. of Am.*, 593 F. Supp. 2d 1303 (N.D. Ga. 2008).) Both assertions are incorrect.

First, the words "arbitrary and capricious" are not "magic pleading" words. DMC's Complaint clearly alleges that Defendant's denial of the claims at issue in this case was "baseless," *i.e.*, arbitrary, *see* Complaint, D.I. 1 at ¶¶ 21-23, and in "bad faith," *i.e.*, capricious, *id.* at ¶ 54, and accordingly asks the Court for an award of DMC's fees under ERISA Section 502(g). As the authority cited by Defendant makes clear, in such cases the reviewing Court is charged with "determining whether an administrator's decision was arbitrary and capricious," and "the burden remains on [DMC] to show the decision was arbitrary." *Doyle v. Liberty Life Assur. Co. of Boston*, 542 F. 3d 1352, 1360 (11th Cir. 2008). Even if the Court finds there was a reasonable basis for Defendant's denial, the Court must determine whether the plan administrator had a conflict of interest (such as where the plan has responsibility for

both determining eligibility and paying for benefits under the plan, which is alleged to be the case here) and, if so, apply a "heightened arbitrary and capricious" standard to its review of the administrator's decision. *Id.*, 542 F. 3d. at 1357-58. That determination may or may not be able to be made on the administrative record alone, and thus in cases where, as here, Defendant's inherent conflict of interest must be explored by the reviewing Court, discovery outside of the administrative record is permitted as necessary to conduct the requisite inquiry. *Id.*, 542 F. 3d at 1363 n.5 ("It seems preferable in a case like this for the district court to determine by conference or stipulation *whether either party desires to present evidence beyond the administrative record*, and if not, take the case under submission and enter findings of fact and conclusions of law.") (Emphasis added).

In any event, here, all of the discovery DMC seeks in the deposition *is* the administrative record. Nothing in *Wells*, *Doyle*, or the other authorities cited by Defendant holds that ERISA claimants are prohibited from taking depositions to establish and confirm exactly what information and evidence was relied on by the plan administrator when making the challenged benefits determination, which of course is the very information that makes up the "administrative record." Here DMC's Rule 30(b)(6) deposition notice lists seven (7) topics, each of which was pre-

vetted with Defendant's counsel,[1] and each of which is narrowly tailored to establish the "administrative record" relied upon by Defendant to deny the claim at issue in this case. (*See* Exhibit A hereto, DMC's October 1, 2013 Notice of Deposition.) Those topics are:

1. The Welfare Fund's administration of benefits to beneficiaries through its Summary and Plan Document Rules and Regulations.

2. The Welfare Fund's decision to deny the claims for medical services provided to Mr. Lastinger that are at issue in this dispute, including the bases for that decision and all internal discussions regarding that decision.

3. The Welfare Fund's contention that a "never event" occurred during the provision of medical services to Mr. Lastinger.

4. All communications between the Welfare Fund and Mr. Lastinger regarding the claims at issue, including without limitation the handwritten note to Mr. Lastinger that he "nearly died" (Welfare Fund Doc. 100145) and the attached article referencing "kinking of the endotracheal tube" (DMC Doc. 002036).

5. All communications between the Welfare Fund and DeKalb Medical regarding the denial of the claims at issue.

6. The Welfare Fund's waiver from the Affordable Care Act's $750,000 minimum annual limitation on benefits.

---

[1] Indeed, as described more fully below, Defendant previously agreed to produce representatives to testify on these topics before the deposition was noticed.

> 7. All contracts between the Welfare Fund and Beech Street, and amendments thereto.

(*Id.*) Each of these topics is necessary to explore for DMC and the Court to understand the plan terms that Defendant contends permitted its denial of the claim in dispute.

Moreover, DMC has both the right, and the need, to authenticate the records produced by Defendant for submission in support of its forthcoming motion for summary judgment. Defendant has produced over sixteen hundred documents which purportedly gave rise to the claim denial in dispute, many of which do not appear to be business records of the type maintained or regularly consulted by an ERISA plan in the ordinary course of business (such as a "Wikipedia" entry on "Never Events"). Neither DMC nor the Court is in a position to know whether such documents were "before the plan administrator" when the decision to deny the claim in dispute was made, much less to what extent, if any, Defendant relied on those documents to make that decision. Again, none of the authorities cited by Defendant holds that such discovery is barred by ERISA, or that DMC and the Court must guess at which of the more than sixteen hundred documents Defendant's produced were relied on by the plan administrator when it decided to deny the claim being sued upon.

### B. Defendant Has Already Waived Any Objection To The Rule 30(b)(6) Deposition

Defendant's Motion, filed two days before its noticed deposition and with one week left in the already-extended discovery period, seeks relief squarely at odds with both (1) Defendant's previous agreement through counsel not only to make its representatives available for deposition, but to provide testimony on the seven (7) topics pre-cleared for the deposition, *see* Exhibit B hereto, email correspondence among counsel; and (2) Defendant's certification to this Court that "the dates of any scheduled proceedings will not be affected by the withdrawal of counsel," D.I. 30 at p. 2.

DMC did not have to preview for Defendant the topics on which it intended to depose Defendant before serving its notice of deposition, but the undersigned did so anyway as both a courtesy and in an effort to avoid any dispute by seeking advance agreement on the scope of the deposition. (Exhibit B hereto.) Defendant made no objection to the topics and provided a date convenient for its representatives to testify, and DMC and its counsel served the notice accordingly. (Exhibit A hereto; D.I. 26.) That deposition had been scheduled for nearly a month when Defendant certified to this Court that its late-inning change of counsel would not affect any scheduled proceedings in this case, D.I. 30 and 30-1; and when only five (5) days

later Defendant filed the Motion. We respectfully submit that by this course of conduct Defendant waived its right to object to the deposition.

## **CONCLUSION**

For the reasons set forth above, DMC respectfully submits that the Motion is without merit and requests that the Court deny the Motion.

Respectfully submitted, this 6th day of November 2013.

                                          */s/ Darrell J. Solomon*
                                          S. Derek Bauer
                                          Georgia Bar No. 042537
                                          Darrell J. Solomon
                                          Georgia Bar No. 305922

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198

                                          *Attorneys for Plaintiff*
                                          *DeKalb Medical Center, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEKALB MEDICAL CENTER, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SPECIALTIES & PAPER PRODUCTS UNION NO. 527 HEALTH AND WELFARE FUND and JAMES LASTINGER, <br><br> Defendants. | Civil Action No.: <br><br> 1:13-cv-00343-RLV |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SPECIALTIES & PAPER PRODUCTS UNION NO. 527 HEALTH AND WELFARE FUND'S MOTION FOR PROTECTIVE ORDER to Defendant Welfare Fund's attorneys of record via U.S. Mail and email as follows:

>Kevin D. Fitzpatrick, Jr., Esq.
>DeLong, Caldwell, Bridgers & Fitzpatrick, LLC
>3100 Centennial Tower
>101 Marietta Street
>Atlanta, GA 30303

and via U.S. First Class Mail to Defendant James Lastinger as follows:

>James Lastinger
>5606 Nottingham Drive
>Lilburn, GA 30047

This 6th day of November 2013.

>/s/ Darrell J. Solomon
>S. Derek Bauer
>Georgia Bar No. 042537
>Darrell J. Solomon
>Georgia Bar No. 305922

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia  30308
Telephone:  (404) 527-4000
Facsimile:    (404) 527-4198

*Attorneys for Plaintiff*
*DeKalb Medical Center, Inc.*

ATLANTA 5521160.2